IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ALEXANDER BOYD,

    Petitioner,                      No. CIV S-12-0372 JAM GGH P

  vs.

W. KNIPP, Warden,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a petition challenging his 2005 conviction for continuous sexual abuse, lewd and lascivious conduct and aggravated sexual assault for which he was sentenced in 2007 to a term of 44 years to life. Petition, p. 1; Respondent's Lodged Document No. 1.[1] Petitioner therein raises seven separate grounds, the first six of which petitioner concedes are unexhausted and pending before the state Supreme Court. Id., at 4-49.

\\\\\

---

[1] The Abstract of Judgment shows petitioner as having been convicted on December 7, 2005, and sentenced on June 8, 2007.

1

Before the court is petitioner's motion for a stay and abeyance of the petition pending exhaustion of grounds one through six in the state Supreme Court, to which the court directed a response from respondent, after which petitioner filed a reply. Respondent, along with an opposition to the motion to stay, also included a motion to dismiss the petition as untimely. However, for reasons set forth below, at this time respondent's motion to dismiss will be vacated without prejudice.

Motion to Dismiss

The court directed respondent to file a response to the motion to stay, which he did. However, the undersigned finds that respondent was precipitate in filing, as well, a motion to dismiss as barred by the statute of limitations. Petitioner objects that respondent should not be permitted to transmute a response to a stay motion into a motion to dismiss. See petitioner's Objections. Because, inter alia, the court finds that the standard for equitable tolling, implicated by the motion to dismiss, is more stringent than the good cause standard required for a stay pursuant to Rhines, infra, the court will vacate respondent's dismissal motion at this time but will do so without prejudice. See below. However, in filing the motion, respondent has provided some documents that are relevant to issues petitioner raises and the court will make use of them to correct typographical, and other, errors petitioner has made in representing the dates of certain state court filings.

Motion to Stay

*Stay and Abeyance Legal Standards/Discussion*

A court may stay a petition and hold it in abeyance pursuant to either Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (1995), or King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009)(citing three-step procedure of Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)[2]). Kelly and Rhines set out different procedures and impose different requirements for obtaining a stay. Under

---

[2] Kelly was overruled on another ground by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007).

2

Rhines, 544 U.S. at 277-78, 125 S.Ct. at 1535, the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. This is a higher standard than Kelly, under which the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. Id. (citing Kelly, 315 F.3d at 1070–71). Once the additional claims have been exhausted, the petitioner may amend his petition to add them to the original petition, provided that the claims are not time-barred (as a stay pursuant to Kelly does not toll the federal limitations period with respect to the unexhausted claims). Id. at 1135, 1140–41. The court may deny a request for a stay under Kelly if the new claims cannot be added to the existing habeas petition after they are exhausted in state court due to the time-bar. See id. at 1141.

        In this instance, what is at issue is whether petitioner is entitled to a stay under Rhines.

        *Argument*

        There is no dispute that petitioner's petition for review was denied on September 9, 2009,[3] which signifies that petitioner's direct appeal became final on December 8, 2009, ninety (90) days thereafter. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("holding] that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the [ninety-day] period within which a petitioner can file a petition for a writ of certiorari with the United States Supreme Court, whether or not the petitioner actually files such a petition."). The one-year AEDPA statute of limitations began to run the day after the date of final conviction. Petitioner references

\\\\\

---

[3] See Petition, p. 2; respondent's Lodged Doc. No. 4.

having filed a state habeas petition in Sacramento County Superior Court on August 8, 2010,[4] by very generous application of the mailbox rule,[5] at which point some two hundred forty-three days[6] of the AEDPA one-year statute of limitations had expired; that petition was denied on September 20, 2010.[7] Motion (MTS), pp. 2, 4; see respondent's Lodged Doc. Nos. 11 & 12. Petitioner filed a habeas petition in the state appellate court on November 19, 2010, which was denied on Dec. 29, 2010; his petition to the state Supreme Court was filed on February 24, 2011,[8] and denied on Sept. 14, 2011. MTS, at 2-3; respondent's Lodged Doc. Nos. 13-16. His currently pending habeas petition before the state Supreme Court was filed on Feb. 13, 2012. Respondent's Lodged Doc. No. 17.[9]

        Petitioner states that he provided notice/motion to amend, on July 1, 2011, to the California Supreme Court of additional claims/issues he intended to present. MTS, at 3-4. The Feb. 24, 2011, state Supreme Court petition, as noted, was denied on September 14, 2011,[10]

---

[4] Petitioner actually dates the petition as filed on August 12, 2010.

[5] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988)(pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003)(mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

[6] Petitioner actually calculates it as two hundred and forty seven days, but he had not given himself the benefit of the mailbox rule.

[7] Petitioner, obviously erroneously, states the state petition was denied on Sept. 20, 2009. Motion to Stay (MTS), p. 1.

[8] Petitioner again misdates his filing to the state appellate court as having occurred on Nov. 18, 2011, and his filing to the state supreme court as having occurred [backwards in time] on Feb. 26, 2010.

[9] Although petitioner avers that this petition was "constructively filed" on Feb. 4, 2010 (MTS, p. 4), in fact, the petition shows it was dated by petitioner both as 2/4/12 and 2/13/12. Respondent's Lodged Doc. # 17. Despite this confusion, the petition was stamped by the court clerk as having been received on 2/6/12, but not filed until 2/15/12. The court will construe the petition, per the mailbox rule, as filed on 2/4/12, in light of the date of receipt (2/6/12) noted by the state Supreme Court.

[10] Petitioner dates that state Supreme Court petition as denied on Sept. 24, 2011.

without that court having acted on petitioner's notice/motion. Id.  Petitioner waited another thirty days to afford the state's high court an opportunity to provide a response to the July 1, 2011, motion. Id.  When he heard nothing after that time, he felt compelled to file "a second or successive petition" which included all of the claims and issues which he had informed the state court in his motion that he wished to include in his petition. Id., at 3.  It was this petition, filed on February 4, 2012, that contained the six unexhausted claims for which he seeks a stay.  Respondent's Lodged Doc. No. 17.  The instant federal petition was filed, by application of the mailbox rule, on February 10, 2012.  Respondent does not dispute that petitioner is entitled to tolling for the period of time from August 8, 2010, through September 14, 2011, during the round of those state habeas petitions. Opposition (Opp.), p. 5.  There were 122 days remaining for petitioner to file a timely petition and respondent is correct that the statute ran on January 14, 2012, rendering petitioner's application in this court late by some 27 days or almost a month.  Nevertheless, as noted above, this conflates the question of whether petitioner would be entitled to equitable tolling for the filing of the instant petition with the issue of whether petitioner should be granted a stay for unexhausted claims contained in a pending state court petition, requiring a showing of good cause, unfairly imposing upon petitioner the more restrictive requirement of showing entitlement to equitable tolling (a showing which could even conceivably necessitate an evidentiary hearing) when respondent was directed simply to respond to petitioner's request for a stay.

        Petitioner sets forth the chronology of his state habeas filings in an apparent effort to show he was diligent in seeking state court exhaustion of all of his claims before proceeding to federal court, after his discovery of additional claims in June of 2010 (by which he no doubt means June of 2011).  Respondent contends, in the portion of his response directed to opposing a stay, that petitioner has failed to demonstrate good cause for having failed to exhaust all of his claims before proceeding to federal court. Opp., p. 6.  Respondent points out that petitioner waited [nearly] five months before filing the presently pending state court petition, i.e., from

September 14, 2011, until February [4], 2012, arguing that, under Pace, this does not meet the standard for diligence. Id.,at 7, citing Pace v. Diguglielmo, 544 U.S. 408, 419, 125 S. Ct. 1807 (2005) (noting that petitioner had "not only...[sat] on his rights for years" before filing his state court petition but had also waited five months after the state court decision became final before filing in federal court showing a "lack of diligence" which precluded "equity's operation."). Respondent noted that in his motion petitioner had failed to explain his "belated discovery of additional claims." Id.

In his reply, petitioner counters that he was required to wait for a decision on the July 1, 2001, motion to amend the state Supreme Court petition he had filed on Feb. 24, 2011, pursuant to the applicable court rules, which he did for thirty days after the Sept. 14, 2011, denial of the original petition. Reply, p. 5. By further way of explanation for his tardiness in filing "the second or successive" petition to the state Supreme Court, he also contends that since his June 2011, discovery of additional claims in support of his claim of "absolute innocence," he was gathering more evidence in support of his alibi. Id., at 7. This involved reliance on his working wife's, and his own, efforts to obtain the requisite information. Id., at 5-6. Petitioner describes, despite writing several letters to the attorney who had handled his new trial motion, not having received the two bankers' boxes worth of trial records until February 22, 2011, for which counsel apologized. Id., at 6 & see Exhibits. After perusing this record, petitioner contends he launched into an effort to obtain facts and evidence in support of his claims, culminating in March of 2011, leading somehow to further discovery of evidence in June of 2011. Id. He also contends that state budget constraints have limited access to the prison library on his yard to two and a half days a week. Id., at 7. His investigative efforts have allegedly yielded evidence he was outside of the state "on the dates and at the times for at least some of the accusations." Id. He claims entitlement to equitable tolling for at least thirty days after the denial of his state court habeas petition, which would render the instant petition timely (a question not specifically before the court in this motion to stay), as well as for his February 2012, state court petition. Id., at 7-8.

*Analysis*

Of course, this court has no omniscience with regard to whether or not the pending state court petition will be deemed timely or will be otherwise procedurally barred or considered. The only question before this court at this time is whether petitioner has shown any entitlement to a stay pending adjudication by the state court of his unexhausted claims; a determination of whether or not the instant petition is entitled to equitable tolling is an issue that may be addressed at a later time.

"[A] stay and abeyance 'should be available only in limited circumstances,' and is appropriate only when the district court determines that there was 'good cause' for the failure to exhaust." Jackson v. Roe, 425 F.23d 654, 661 (9th Cir. 2005) (quoting Rhines, 544 U.S. at 277)); see also Pace v. DiGuglielmo, 514 U.S. at 416, 125 S.Ct. 1807 (prisoners may file a "protective petition" in federal court asking the court to stay and abey the federal proceedings until state remedies are exhausted.)

What constitutes good cause has not been precisely defined except to indicate at the outer end that petitioner must not have engaged in purposeful dilatory tactics, Rhines, supra, 125 S. Ct. at 1535, and that "extraordinary circumstances" need not be found. Jackson v. Roe, 425 F.3d at 661-662. See Rhines, supra, at 1536 (Stevens, J., concurring) (the "good cause" requirement should not be read "to impose the sort of strict and inflexible requirement that would trap the unwary pro se prisoner." (Internal citation omitted); see also, id., (Souter, J., concurring) (pro se habeas petitioners do not come well trained to address tricky exhaustion determinations).

"But as the Jackson court recognized, we must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in "'limited circumstances.'" Id. at 661. We also must be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court."

\\\\\

The court finds, in this instance, that petitioner has shown the requisite cause and the diligence to be permitted a stay pending adjudication of state Supreme Court petition he filed just prior to having filed the instant petition.  To the extent respondent may contend that petitioner must hurdle the "extraordinary circumstances" barrier to make a showing of good cause for a Rhines stay, the Ninth Circuit, as noted above, has found this to be a bridge too far.  Petitioner's showing is adequate to indicate that he did not sleep on his rights in pursuing exhaustion of his new claims, whether or not his interpretation of state court rules may have been misguided.  The court is also unwilling to deny a stay as to the merits when among his unexhausted claims is one for actual innocence.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to stay the petition, filed on February 14, 2012 (docket # 3), be granted, pursuant to Rhines, and this matter be stayed pending state court exhaustion of unexhausted claims currently before the state Supreme Court;

2. Upon adoption of these findings and recommendations, should that occur, petitioner be directed to inform the court within thirty days of any decision by the state Supreme Court on his pending state court petition; and

3. Respondent's motion to dismiss as barred by the statute of limitations, filed on March 30, 2012 (docket # 13), is vacated without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

\\\\\
\\\\\

advised that failure to file objections within the specified time may waive the right to appeal the District Courts order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 30, 2012

                                      /s/ Gregory G. Hollows
                        UNITED STATES MAGISTRATE JUDGE

GGH:009/boyd0372.mtn